IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MISAEL MENDEZ, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| BERRY GLOBAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW, Plaintiff Misael Mendez ("Mr. Mendez"), and files this *Complaint* against Defendant Berry Global, Inc. ("Defendant") pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is a foreign profit corporation qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

6.

Mr. Mendez began working for Defendant on June 24, 2021, as a forklift driver.

7.

Mr. Mendez began feeling ill during the afternoon on Thursday, September 9,

2022.

8.

The next day, September 10, 2022, Mr. Mendez was too ill to come into work.

9.

Instead, Mr. Mendez took an in-person visit to his health care provider, who prescribed a course of medication.

10.

Mr. Mendez's fiancée then called Defendant's office and informed Defendant that Mr. Mendez was unable to come to work due to his illness.

11.

On Saturday, September 10, 2022, Mr. Mendez sent a doctor's note to his to leadpersons, James Williamson and James Carver, informing them that he was suffering from a serious health condition.

12.

Mr. Williamson told Mr. Mendez that he was required to turn his doctor's note into the human resources department before returning to work.

13.

Mr. Mendez continued to feel ill through Monday morning, September 11,

2022, and he was unable to work or perform his regular daily activities through Monday morning.

14.

Defendant terminated Mr. Mendez's employment on September 14, 2022 due to his need for leave from work.

15.

Any reason given for Mr. Mendez's termination is pretext for unlawful FMLA interference and retaliation.

16.

Mr. Mendez availed himself of FMLA protected rights by taking leave for FMLA protected health issues. Upon his return, Defendant retaliated against Mr. Mendez for his protected activity by terminating his employment.

17.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA with respect to Plaintiff.

18.

During the calendar years 2021 and 2022, Defendant employed 50 or more employees in 20 or more workweeks within 75 miles of the location where Mr. Mendez worked for Defendant.

19.

Mr. Mendez worked more than 1,250 hours for Defendant in the 12 months preceding his protected leave.

## CLAIMS FOR RELIEF

### Counts I and II: Interference and Retaliation in Violation of the FMLA

20.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

21.

Defendant is and, at all times relevant, has been an "employer" as defined by the FMLA.

22.

Plaintiff was an eligible employee under the FMLA.

23.

Defendant violated the FMLA by failing to notify Mr. Mendez of his FMLA rights after learning of his need for leave.

24.

Mr. Mendez engaged in protected conduct under the FMLA by taking protected FMLA leave.

25.

Defendant retaliated against Mr. Mendez for engaging in protected conduct by terminating his employment, entitling Mr. Mendez to all appropriate relief under the statute.

26.

As a result of the termination, Mr. Mendez has suffered damages, including lost wages for which he is entitled to recover.

27.

Defendant's violations of the FMLA were reckless and Mr. Mendez is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays the Court for judgment as follows:

(a)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(b)     Reasonable attorney's fees and expenses of litigation;

(c)     Trial by jury as to all issues;

(d)     Prejudgment interest at the rate allowed by law;

(e)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g) All other relief to which he may be entitled.

This 24th day of October, 2022.

*/s/ Zachary Panter*
Zachary Panter
Georgia Bar No. 822012
Regan Keebaugh
Georgia Bar No. 535500
*Counsel for Plaintiff*

RADFORD & KEEBAUGH
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0308
zachary@decaturlegal.com
regan@decaturlegal.com